IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARON Y. NEAL,

    Plaintiff,                                  09cv1658
                                                  **ELECTRONICALLY FILED**

    v.

MICHEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## MEMORANDUM OPINION RE: PLAINTIFF'S PETITION AND AMENDED PETITION FOR ATTORNEY FEES (DOC. NOS. 19 & 24)

### I.     Introduction

Before this Court are Plaintiff's Petition and Amended Petition for Attorney Fees in the amount of $6,205. 00, plus an additional $1360.00 for a total of $7,565.00, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, as amended (doc. nos. 19 and 24), based upon an expenditure of 36.5 hours at the rate of $170.00 per hour (the Amended Petition seeks fees for the additional 8 hours plaintiff counsel expended in responding to defendant's objections to her Petition for Attorney's Fees, for a total of 44.5 hours).

### II.    Procedural History

Plaintiff seeks attorney's fees based upon her success before this Court on July 30, 2010, the date on which this Court issued its Memorandum Opinion and Order finding that the ALJ erred in three respects and remanding this case to the Social Security Administration for further consideration. Plaintiff brought the underlying suit as a result of a final, unfavorable determination by defendant that plaintiff was not entitled to disability benefits under the Social

Security Act. On June 8, 2010, plaintiff filed her motion for summary judgment and supporting brief of approximately 26 pages in length (doc. nos. 13-14), and on June 9, 2010, the Commissioner filed its motions for summary judgment and supporting brief. Doc. Nos. 15-16. Plaintiff's brief contained three legal issues for consideration. On July 30, 2010, the Court issued a 26 page Memorandum Opinion and Order agreeing with plaintiff and finding that the ALJ erred by considering plaintiff's obesity, mental limitations and borderline age situation, and therefore, remanded this case for reconsideration "to properly determine Plaintiff's RFC and whether in fact, the Plaintiff has an impairment or combinations of impairments which meets or medically equals the Listings." (Doc. No. 17 at 25).

On August 17, 2010, plaintiff timely filed her Petition for Attorney Fees under the EAJA (doc. no. 19), wherein she initially requested payment for 36.5 hours at the rate of $170.00 per hour, for a total amount of $6,205.00. However, in light of defendant's Objections to the Petition for Fees (doc. no. 20), on September 8, 2010, plaintiff's counsel filed an Amended Petition for Attorney Fees seeking an additional 8 hours at the rate of $170.00 for a new total amount of $7,565.00. Doc. No. 24.[1]

**III.    Discussion**

In order for plaintiff to prevail under the EAJA, 28 U.S.C. §2412(d)(1)(B), the Court must find that: (1) claimant is a prevailing party; (2) the Government's position was not substantially justified; and (3) no special circumstances exist to make an award unjust. *See United States v. Eleven Vehicles*, 937 F.Supp. 1143, 1150 (E.D. Pa. 1996). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the

---

[1] The Court ordered defendant to file a response to plaintiff's Amended Petition, but in that response (doc. no. 28), the Commissioner did not address whether the additional fees in plaintiff's Amended Petition were reasonable. Rather, defendant simply renews its original position that the Court should reduce the fee to $4,250.00.

record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

In this case, defendant does not dispute that plaintiff is entitled to attorney's fees as a prevailing party under the EAJA; rather, defendant argues that the requested amount is unreasonable because (1) it is far outside the "average EAJA award of $3,000-$4,000," and because (2) the hours billed are allegedly excessive. Doc. No. 20 at 3, 4.

In support of defendant's first argument, defendant cites to a concurring opinion authored by United States Supreme Court Justice Sotomayor in *Astrue v. Ratliff*, 560 U.S. 2521 at 2530 (2010), wherein Justice Sotomayor stated in dicta that the average EAJA fee award in Social Security disability cases is $3,000.00 to $4,000.00 per case.[2] Based upon the dicta in *Ratliff*, defendant argues that the instant matter is a typical Social Security disability case and nothing in this case necessitates a higher award.

Defendant argues in support of its second contention that the number of hours claimed by plaintiff's counsel should be reduced "because much of the time billed was grossly excessive and unreasonable." Doc. No. 20 at 4. Defendant contends that counsel's billing of 28.5 hours for drafting the brief in support of summary judgment is excessive and should be reduced to 25.0 hours, and that the total award should be no greater than $4,250.00 because of the routine nature of the case and plaintiff counsel's expertise in this area of law.

The Court recognizes that when a plaintiff "achieves a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award," he or she should recover

---

[2] The Court notes that Justice Sotomayor actually stated that EAJA fee awards average *only* $3,000 to $4,000 per case.

3

a full compensatory fee. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). In making this assessment, the Court "should focus on the significance of the overall relief obtained by the plaintiff." *Id.*

"Where a plaintiff has obtained excellent results, his [or her] attorney should recover a fully compensatory fee," and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart*, at 435, *citing Davis v. County of Los Angeles*, 8 E.P.D. ¶ 944 , at 5049 (CD Cal. 1974). The Court is mindful that "a request for attorney's fees should not result in a second major litigation." *Id*. at 437.

In cases such as the instant case, the Court uses the lodestar formula established by the United States Court of Appeals for the Third Circuit in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 16 (3d Cir. 1973), which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 176 (3d Cir. 2001); *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

"A District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." *Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001).

As for defendant's first contention that the Court should limit the attorney's fees to the "average" amount cited by Justice Sotomayor in dicta in her concurring opinion in *Ratliff*, 560 U.S. 2530, the Court does not agree with defendant's position. The Court does not find that the statements of Justice Sotomayor, in dicta, in the concurring opinion in *Ratliff*, 560 U.S. 2530, were in any way meant to suggest that the Court should employ the standard of using "averages" rather than the lodestar formula to determine fee awards in Social Security cases, not to mention the fact that the "average" to which Justice Sotomayor cites actually pertained to cases involving fiscal years 1990-2006.

As for defendant's second argument that the hours billed were excessive, the Court disagrees with this contention as well, especially given the fact that plaintiff's counsel did not represent plaintiff at the administrative level and was therefore required to carefully review an administrative record of over 400 pages and prepare a 26 page brief describing three errors of the ALJ, which ultimately lead to the case being remanded for reconsideration on each of the three errors cited by plaintiff. After personally reviewing every item of the statement of plaintiff's attorney fees, an exercise of which this Court is intimately familiar and well-experienced from his more than thirty (30) years of private practice, this Court finds that the hourly rates are reasonable[3], and that the number of hours billed are reasonable and are not excessive. Contrary to defendant's position, the Court finds that counsel for plaintiff did not submit charges for unnecessary, redundant, or excessive hours. *Contrast Loughner*, 260 F.3d at 176. Further, the Court does not find that the billing of 28.5 hours for preparation and filing of the motion for

---

[3] Defendant does not contest that the hourly rate of $170.00 is reasonable and based upon the affidavit set forth by plaintiff's counsel detailing her usual hourly rate of $450.00, combined with her experience in successfully representing over 200 clients in the past three years, and the relative complexity of the case since it involved three distinct legal issues on appeal, the Court agrees that the hourly rate of $170.00 (which is slightly below the EAJA standard rate) is reasonable. Doc. No. 19 at 5.

summary judgment and brief is excessive, given the number of issues and length of the brief, and therefore, should not be reduced to 25 hours.

Finally, in her Amended Petition for Attorney Fees plaintiff cites *Walton v. Massanari*, 177 F.Supp.2d 359, 365 (E.D. Pa. 2001) for the proposition that her time spent defending a request for an award of fees under the EAJA is compensable time. Doc. No. 24. As stated hereinabove, Defendant does not dispute this request. Therefore, the additional 8 hours which plaintiff has submitted in order to respond to defendant's objections (by way of a supporting 12 page brief containing exhaustive legal research and statistical information) is not unreasonable or excessive.

**IV.     Conclusion**

Accordingly, plaintiff, as the prevailing party, is entitled to reasonable attorney's fees and costs. The Court finds that plaintiff's request for attorney's fees was reasonable in that the hourly rates charged ($170.00) and the number of hours expended in this litigation (44.5) were reasonable, given the level of success that plaintiff's counsel achieved on behalf of her client (all three of her arguments were found to be compelling by this Court and this case was remanded to the Commissioner for further proceedings). Therefore, the Court will grant plaintiff's Petition and Amended Petition for attorney's fees in the total amount of $7,565.00, under the EAJA (doc. nos. 19 and 24), based upon an expenditure of 44.5 hours at the rate of $170.00 per hour.

An appropriate order follows.

This 4th day of October, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties